**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JORGE DAVID BRENA ESCOBEDO, ) | |
| ) | |
| Petitioner, ) | |
| v. ) | Case No. CIV-25-1553-R |
| ) | |
| RUSSELL HOLT, et al., ) | |
| ) | |
| Respondents. ) | |

## **ORDER**

Petitioner, a citizen of Mexico, has been residing in the United States since approximately 2005. In November of 2025, ICE detained Petitioner and the Department of Homeland Security issued a Notice to Appear charging Petitioner as subject to removal under 8 U.S.C. § 1182(a)(6)(A)(i) [Doc. No. 7-1].

Petitioner filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1], claiming violations of the Immigration and Nationality Act and his Fifth Amendment Due Process rights. Petitioner asserts the mandatory detention provision pursuant to which he is currently being detained, 8 U.S.C. § 1225(b)(2)(A), does not apply to noncitizens like him who previously entered the country. This matter was referred to United States Magistrate Judge Suzanne Mitchell pursuant to 28 U.S.C. § 636(b)(1)(B)-(C). Judge Maxfield issued a Report and Recommendation [Doc. No. 9] recommending that the Court partially grant the Petition for habeas relief by ordering Respondents to provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner. Respondents filed a timely Objection to the Report [Doc.

No. 10]. The Court must now make a *de novo* determination of the portions of the Report to which a specific objection was made. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(3).

The key question in this case is whether Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides for mandatory detention, or whether he must instead be detained pursuant to § 1226(a), which generally provides for a bond hearing. As Respondents acknowledge, this Court has previously determined that § 1226(a) governs the detention of noncitizens, like Petitioner, who were apprehended within the United States after entering the country without admission or inspection. *See Valdez v. Holt*, Case No. CIV-25-1250-R, 2025 WL 3709021, at *1 (W.D. Okla. Dec. 22, 2025); *Perez v. Grant*, No. CIV-25-1560-R, 2026 WL 315065, at *1 (W.D. Okla. Feb. 5, 2026); *Salomov v. Noem*, No. CIV-26-143-R, 2026 WL 607446, at *1 (W.D. Okla. Mar. 4, 2026).[1] Consistent with these prior decisions, the Court finds Petitioner is subject to detention under § 1226(a), not § 1225(b)(2). Petitioner is thus entitled to a prompt bond hearing pursuant to § 1226(a).

Accordingly, the Court ADOPTS the Report and Recommendation [Doc. No. 9] and GRANTS the Petition in part. Respondents are directed to provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a). Because the Court grants relief on statutory grounds, it declines to reach the remaining claims. If Respondents fail to provide a bond hearing consistent with § 1226(a), Petitioner may renew his constitutional arguments.

---

[1] On this issue, the Court finds persuasive the analysis provided by the Seventh Circuit in *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 2026 WL 819258 (8th Cir. Mar. 25, 2026).

IT IS SO ORDERED this 13th day of April, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE